■  THE PEOPLE OF THE STATE OF NEW YORK ex rel. MORRIS FRIEDBERG v. HENRY SILBERGLITT, as Warden of the City Prison, Borough of Manhattan.— Motion for leave to appeal to the Court of Appeals denied. The stay contained in the order to show cause, dated May 26, 1961, is vacated. Concur — Botein, P. J., Breitel, Stevens, Eager and Bergan, JJ.

■  DICKENOR RESTAURANT INC., Appellant, v. HOTEL EXECUTIVE ON MADISON AVENUE, LTD., et al., Respondents, et al., Defendant.— Order entered on February 1, 1961, insofar as it dismisses the first cause of action of the amended complaint, unanimously reversed on the law, with $20 costs and disbursements to the appellant, with leave, however, in the exercise of discretion, to the plaintiff to replead if so advised. The amended complaint contains six causes of action. The defendants-respondents moved, inter alia, to strike the first, second, third, fifth and sixth causes of action for insufficiency. Special Term dismissed the first cause of action and held that because of such dismissal it was unnecessary to pass upon the sufficiency of the other causes of action. The plaintiff appeals from so much of the order as dismissed the first cause of action. The plaintiff in its first cause seeks a declaration that a document dated October 16, 1959 is a valid and subsisting lease. It is sufficiently pleaded if the allegations are such that, if proven, would permit a finding that a valid lease is extant between the parties. The merits cannot be considered at this stage. The defendants urge that the first cause is insufficient because there is no definitive allegation that the plaintiff approved the plans for the construction of the restaurant and therefore the parties have not come to an agreement as to an essential term. However, the allegation that the lease contains a provision that a set of preliminary plans has been approved showing " the intent of the parties as to the type of restaurant intended to be built ", permits of a determination by the trial court that such preliminary plans were of sufficient definiteness to make out the requisite agreement on that essential term. Defendant likewise contends that the first cause of action is defective for failure to plead performance of conditions precedent to the lease becoming effective. We find nothing in the pleadings which would require, at this stage, a determination that the so-called conditions were in fact such conditions precedent. If they be conditions they might very well be conditions subsequent, dependent upon the proof. Accordingly, we find the first cause of action to be sufficiently pleaded. We appreciate, however, that the complaint is inartistically drawn in many respects and we therefore grant leave to the plaintiff to replead the entire complaint if it be so advised. Inasmuch as Special Term has made no determination with respect to the sufficiency of the second, third, fifth and sixth causes of action and since none of the parties has on this appeal addressed themselves to that question, we do not pass thereon. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.